**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Herbert York, | ) | Civil Action No. 1:20-2172-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Capt. T. Reavns; Officer C. Robinson; Officer Bostic; Officer Timmons; and Nurse Cooper, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be dismissed as to Defendants Reavns and Robinson for failure to prosecute. (Dkt. No. 24.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses with prejudice the claims against Reavns and Robinson.

**I.    Background**

Plaintiff Herbert York proceeds *pro se* to allege pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights. The Magistrate Judge warned Plaintiff that he is responsible for providing information sufficient to identify Defendants for service of process and that failure to do so could result in their dismissal. (Dkt. No. 6.) The summons for Defendants Reavns and Robinson were then returned unexecuted because the South Carolina Department of Corrections could not identify and locate them. (*Id.*) The Magistrate Judge then extended Plaintiff's deadline to serve them and again advised Plaintiff of the potential dismissal consequences. (Dkt. No. 22.) Plaintiff did not respond to that order. The Magistrate Judge, therefore, now recommends that the claims against them be dismissed with prejudice pursuant to Rule 41(b), to which Plaintiff filed no objection.

## II. <u>Legal Standard</u>

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. <u>Discussion</u>

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Plaintiff's failure to properly serve Defendants Reavns and Robinson and to otherwise respond to the Magistrate Judge's order indicates his intent not to continue prosecuting the claims, which subjects them to *sua sponte* dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The Court therefore finds that the Magistrate Judge correctly concluded that this action may be dismissed with prejudice as to Defendants Reavns and Robinson pursuant to Rule 41(b). *See Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978) (dismissal with prejudice for failure to prosecute, pursuant to Rule 41(b), not abuse of discretion where plaintiff "is not blameless" and "there was a long history of delay").

-3-

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 24) as the order of the Court and **DISMISSES WITH PREJUDICE** the claims against Defendants Reavns and Robinson.

**AND IT IS SO ORDERED.**


                                                                s/ Richard Mark Gergel
                                                                Richard Mark Gergel
                                                                United States District Judge

November 4, 2020
Charleston, South Carolina