# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Herbert Demond York, ) | Civil Action No. 1:20-2172-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Officer Bostic, Officer Timmons and ) | |
| Nurse Cooper, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R) that Defendants' motion to dismiss be denied. (Dkt. No. 38.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Defendants' motion.

## I.    Background

Plaintiff, proceeding *pro se*, alleges that remaining Defendants Bostic, Timmons and Cooper violated his rights pursuant to 42 U.S.C. § 1983 by physically and sexually assaulting him in his cell on May 24, 2020 and refusing to provide subsequent medical care. The claims are brought against each Defendant in his or her individual capacity only. (Dkt. No. 1.) Defendants move to dismiss the complaint for lack of subject matter jurisdiction and for failing to state a claim on which relief can be granted. (Dkt. No. 19.) The Magistrate Judge recommends that the Court deny the motion, to which no objection was made.

## II.   Legal Standard

### A.    Review of the R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Rule 12(b)(1) Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction.  On a Rule 12(b)(1) motion, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (determination of subject-matter jurisdiction "may be based on the court's review of the evidence"). The plaintiff has the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

**C.     Rule 12(b)(6) Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  The motion therefore tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . Our inquiry then is limited to whether

the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). The Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a Rule 12(b)(6) motion, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   Discussion

Liberally construing Plaintiff's *pro se* pleading, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that this Court has subject matter jurisdiction over the claims and that they are sufficiently pled.

First, Defendants move to dismiss on the basis of their Eleventh Amendment immunity from suit. But the claims are unambiguously brought against them only in their individual capacity and "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Defendants next argue that Plaintiff has not demonstrated that he exhausted the prison's available administrative remedies prior to bringing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). In the complaint, Plaintiff alleges that the administrative process was unavailable to him because he submitted a Request To Staff Member

regarding the incident that Captain Rae returned, telling Plaintiff she would destroy any future grievances. When a district court evaluates a *pro se* pleading, the allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). And contrary to Defendants' argument, inmates are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Last, Defendants move to dismiss the entire complaint for failing to state a claim on which relief can be granted, but argue only that the excessive force claim fails. To state a claim for excessive force in violation of the Eighth Amendment, a prisoner must show that a prison official acted with a "sufficiently culpable state of mind (subjective component)" and that "the deprivation suffered or injury inflicted was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). As the Magistrate Judge notes, Defendants' argument that Plaintiff has no constitutional right to be housed in a certain cell is irrelevant because he does not allege it. Defendants' argument that Plaintiff did not plead a resulting injury similarly fails because the complaint alleges a "swollen anus, lumps on backside of my head, cuts on my left arm, swollen ribs, anal bleeding, bleeding penis, and blurry vision." (Dkt. No. 1 at 13.) Defendants next argue that the claim fails in light of their qualified immunity, but the Magistrate Judge found that their rote recitation of the defense fails to carry their burden of establishing its applicability on these facts. *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019). The Court can find no reasonable basis to conclude that these findings and recommendations are in clear error.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 38) as the order of the Court. Defendants' motion to dismiss (Dkt. No. 19) is **DENIED**.

**AND IT IS SO ORDERED.**

-5-

<u>s/ Richard Mark Gergel</u>  
Richard Mark Gergel  
United States District Judge

December 21, 2020
Charleston, South Carolina