# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Herbert York, | Civil Action No. 1:20-2172-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Officer Bostic; Officer Timmons; and Nurse Cooper, | |
| Defendants. | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that this action be dismissed against these remaining for failure to prosecute. (Dkt. No. 55.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses with prejudice the claims against these Defendants.

**I.     Background**

Plaintiff Herbert York proceeds *pro se* to allege pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights. Defendants moved for summary judgment. The Magistrate Judge issued a *Roseboro* order notifying Plaintiff of the importance of the motion, his deadline to respond, and that failure to respond could result in summary judgment for Defendants. (Dkt. No. 51.) Plaintiff filed no response. Plaintiff also did not respond to the Magistrate Judge's instruction that he notify the Court whether he intends to continue prosecuting this case. Plaintiff was specifically notified that failure to respond to the order could result in dismissal of his claims. (Dkt. No. 53.) The Magistrate Judge now recommends the claims be dismissed for failure to prosecute. Plaintiff files no objection to the recommendation, which was returned as undeliverable because he apparently did not notify the court of his change

of address. (Dkt. No. 57.) The Court previously dismissed claims as to other Defendants for Plaintiffs failure to prosecute. (Dkt. No. 34.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Plaintiff's failure to respond to Defendant's motion and the Magistrate Judge's orders indicate his intent not to continue prosecuting the claims. This subjects the claims to *sua sponte* dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). The Court therefore finds that the Magistrate Judge correctly concluded that this action should be dismissed with prejudice pursuant to Rule 41(b). *See Davis v. Williams*, 588 F.2d 69, 70-71 (4th Cir. 1978) (dismissal with prejudice for failure to prosecute pursuant to Rule 41(b) is not abuse of discretion where plaintiff "is not blameless" and "there was a long history of delay").

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 55) as the order of the Court and **DISMISSES WITH PREJUDICE** the claims against these remaining Defendants. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

June 15, 2021  
Charleston, South Carolina